## APPEAL OF POPE SANATORIUM COMPANY.

Docket No. 4148.     Decided September 27, 1926.

1. DEPRECIATION.—Value and life of buildings determined. As to other assets, proof *held* insufficient.

2. INVESTED CAPITAL.—Funds of the taxpayer were distributed to its two stockholders who immediately paid the amounts so distributed to an affiliated corporation. *Held*, that the amounts so distributed were not loans by the taxpayer to the corporation with which it is affiliated and that the invested capital of the taxpayer was properly reduced by the amount of the distribution.

*Camden R. McAtee, Esq.*, for the petitioner.
*Thomas P. Dudley, Jr., Esq.*, for the Commissioner.

This appeal is from the determination of a deficiency in income and profits taxes for the year 1918 in the amount of $2,548.28. The errors assigned are:

(1) The disallowance of depreciation in the amount of $2,231.70 upon the physical assets of the Pope Sanatorium for the year 1918.

(2) The disallowance of depreciation in the amount of $1,552.82 for 1918 upon the capital development account of the Pope Mining Co.

(3) The disallowance as to the Pope Sanatorium and exclusion from invested capital for 1918 of (a) $2,001.96, being the cost of tangible property not carried on the books and which cost was determined by appraisal, and (b) $14,179.68, being accounts receivable evidencing surplus funds loaned to the Pope Mining Co. but erroneously charged on the books of the Pope Sanatorium as dividends to Curran Pope and A. T. Pope.

### FINDINGS OF FACT.

The taxpayer is a Kentucky corporation with its principal offices at Louisville. It operates the Pope Sanatorium, an institution devoted to the treatment of persons suffering from nervous diseases. It uses in its business two buildings situated on one of the principal streets. The first of these buildings is three stories in height. The foundations of the building are of vitrified brick and cement. The front is built of pressed brick with stone trimmings and the first two stories are of hard brick and have concrete floors and ceilings. The building contains approximately 25 rooms and is heated with a steam heating plant. In the rear of this building is another of brick veneer construction erected upon foundations similar to those in the building just mentioned. It contains a kitchen, a dining room for the hospital staff, storage room, a dining room, recreation room, and 15 or 16 sleeping rooms. It also is equipped with a steam heating plant.

On March 1, 1913, these buildings had a fair market value of $20,000, and had a life of 45 years.

The sanatorium was completely equipped. There is evidence in the record as to the nature of this equipment but it is unnecessary, for reasons set forth in the opinion, to describe it in detail.

The Pope Mining Co. is a Kentucky corporation engaged in the business of fluorspar mining in the central part of the State of Kentucky. In the year in question it owned in fee three pieces of mineral property. Curran Pope and A. T. Pope were the owners in equal parts of the stock of the Pope Sanatorium Co. and the Pope Mining Co. and were the active officers managing each. This company, by reason of this stock ownership, has been held to be affiliated with the petitioner.

The banking account of the Pope Sanatorium and the individual banking accounts of the two stockholders, Curran Pope and A. T. Pope, were maintained in the National Bank of Kentucky. The bank account of the Pope Mining Co. was maintained in the Kentucky Title and Trust Bank. The Pope Sanatorium made payments in individual checks to its two stockholders, Curran Pope and A. T. Pope, in the sum of $14,179.68 up to and including the year 1918, which checks were cashed by Curran Pope and A. T. Pope and the proceeds were deposited by the payees of the checks in the Kentucky Title and Trust Co. to the account of the Pope Mining Co.

OPINION.

GREEN: The first issue in this appeal relates to the disallowance of depreciation in the amount of $2,231.70 for the year 1918 upon the physical assets of the Pope Sanatorium. In the petition it is alleged that the depreciation claimed by the taxpayer was entirely disallowed for the year in question and that its books have been readjusted to show the following valuation and depreciation deductions:

| | Value | Rate (per cent) | Amount |
|---|---|---|---|
| Buildings (brick and frame) | $20, 082. 45 | 4 | $803. 30 |
| Furniture and fixtures | 11, 369. 10 | 10 | 1, 136. 91 |
| Instruments | 1, 858. 70 | 10 | 185. 87 |
| Medical library | 1, 056. 19 | 10 | 105. 62 |
| Total | | | 2, 231. 70 |

We have heretofore found that the buildings had a value of $20,000 and a life of 45 years. This results in an annual depreciation deduction of $444.44. The evidence as to the value of the remainder of the assets upon which depreciation was claimed was limited entirely to the March 1, 1913, value thereof and there is

no evidence of the cost of additions thereto. From the evidence introduced by the taxpayer, it is clear that the depreciation upon the last three classes of assets set forth in the tabulation is more or less rapid, and that it is quite probable that in 1918 the taxpayer had on hand only a small portion of the assets on hand on March 1, 1913. The proof is wholly insufficient to serve as a basis for the computation of an allowance for depreciation for the year 1918. For this reason it was deemed unnecessary to itemize the assets which the proof showed to be on hand on March 1, 1913.

The second issue relates to the disallowance of depreciation in the amount of $1,552.82 for 1918 upon the capital development account of the Pope Mining Co. There is no evidence before us as to the items, values, or March 1, 1913, value for depreciation purposes of the items comprising the capital development account, and in the absence of such proof the determination of the Commissioner must be sustained.

The third issue relates to the exclusion of $20,001.96 from invested capital of the Pope Sanatorium, it being contended that the same represents the cost of tangible property not carried on the books and which cost was determined by appraisal. No evidence was introduced from which we could determine whether the exclusion was proper or improper. No appraisal was admitted in evidence, no values proven, and in the absence of evidence to support the position of the taxpayer, the determination of the Commissioner is approved.

As a part of the third assignment of error, the taxpayer submits that the Commissioner has improperly computed the invested capital of the Pope Sanatorium by disallowing therefrom $14,179.68, being accounts receivable evidencing surplus loaned to the Pope Mining Co. The evidence established the fact that the sum of $14,179.68 represents a payment by check on the part of the Pope Sanatorium to its two stockholders, Curran Pope and A. T. Pope, and that the latter cashed such checks. Curran Pope and A. T. Pope, with the proceeds of the checks which they had received from the Pope Sanatorium, caused to be placed to the credit of the Pope Mining Co. the sum of $14,179.68. There is no evidence before us from which we could determine that the $14,179.68 in question represented the surplus of the Pope Sanatorium which had been loaned by it to the Pope Mining Co. There may have been oral understandings to that effect, but the record merely discloses payment to the two stockholders of the Pope Sanatorium, which they of their own volition and in their individual capacities caused to be credited to the bank account of the Pope Mining Co.

*Order of redetermination will be entered on 10 days' notice, under Rule 50.*